1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

17

LEELAND RICHARD DENEY,

                 Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

              Defendant.

CASE NO. 14-cv-05032 RBL

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

Noting Date: August 29, 2014

18

19

20

21

     This matter has been referred to United States Magistrate Judge J. Richard
Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR
4(a)(4), and as authorized by *Mathews, Secretary of  H.E.W. v. Weber*, 423 U.S. 261,
271-72 (1976).  This matter been fully briefed (*see* ECF Nos. 11, 17, 18).

22

23

24

     After considering and reviewing the record, the Court finds that the ALJ failed to
provide legally sufficient reasons to discredit the opinion of examining psychologist

Rachel Langhofer, Ph.D..  Because the error was not harmless, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, LEELAND RICHARD DENEY, was born in 1982 and was 28 years old on the alleged date of disability onset of August 1, 2010 (*see* Tr. 154-62). Plaintiff obtained his GED through the Fresh Start Program and has worked as a fast food restaurant cook and dishwasher (Tr. 31-35).

According to the ALJ, plaintiff has at least the severe impairments of "Bipolar disorder versus depression; anxiety disorder with panic attacks and periodic agoraphobia; obsessive compulsive traits; schizoid personality disorder (20 CFR 416.920(c))" (Tr. 11).

At the time of the hearing, plaintiff was living at home with his mother (Tr. 31).

PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* Tr. 78-81, 85-92).  Plaintiff's requested hearing was held before Administrative Law Judge Joanne E. Dantonio ("the ALJ") on August 17, 2012 (*see* Tr. 25-53). On August 29, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 6-24).

On November 8, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in January 2014 (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on March 19, 2014 (*see* ECF Nos. 8, 9).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ erred in rejecting the medical opinions of Rachel Langhofer, Ph.D., Phyliss Sanchez Ph.D., and Jane C. Hayward Psy.D.; (2) Whether or not the ALJ erred in finding that the plaintiff's statements about the intensity, persistence, and functionally limiting effects of his symptoms was not substantiated by the objective medical evidence; and (3) Whether or not the ALJ's errors were harmless (*see* ECF No. 11, p. 1).

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

(1) Whether or not the ALJ erred in rejecting the medical opinions of Rachel Langhofer, Ph.D., Phyliss Sanchez Ph.D., and Jane C. Hayward Psy.D.

a.   Rachel Langhofer, Ph.D. – Examining Psychologist

Dr. Langhofer evaluated plaintiff on September 8, 2010 at the request of the Washington State Department of Social and Health Services (Tr. 257-69).  Dr. Langhofer diagnosed plaintiff with bipolar I disorder, panic attack disorder with agoraphobia, rule out aspergers syndrome, and rule out personality disorder not otherwise specified, and measured his GAF score at 48 (Tr. 261).  Dr. Langhofer assessed plaintiff's functional limitations and found him to have marked limitations in his ability to relate appropriately to co-workers and supervisors, respond appropriately to and tolerate the pressures and expectations for a normal work setting, and maintain appropriate behavior in a work setting (Tr. 262).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

1    In addition, the ALJ must explain why her own interpretations, rather than those of

2    the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849

3    F.2d 418, 421-22 (9th Cir. 1988)). But, the Commissioner "may not reject 'significant

4    probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th

5    Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting*

6    *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision

7    must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

8        The ALJ accorded Dr. Langhofer's opinion "some weight," adopting the part of

9    the opinion that found plaintiff was "not precluded from all work." (Tr. 17). The ALJ

10   gave little weight to Dr. Langhofer's opinions regarding plaintiff's marked limitations

11   with work stress and interacting with others. *Id.* The ALJ stated "[w]hile the claimant

12   has difficulties socially, it is not to the extreme to preclude all work and the residual

13   functional capacity accounts for those credible limitations." *Id.* Plaintiff argues that the

14   ALJ failed to provide legally sufficient reasons to discredit Dr. Langhofer's opinion.

15   This Court agrees.

16       In discrediting Dr. Langhofer's opined marked limitations, the ALJ admitted that

17   plaintiff had difficulty with social functioning; however, she implied that plaintiff's

18   limitation in this area were less severe than that found by Dr. Langhofer (Tr. 17). The

19   ALJ failed to support this conclusion with any citation to the record. Defendant argues

20   that, when read as a whole, the ALJ's decision makes clear that she discredited Dr.

21   Langhofer's opinion as inconsistent with plaintiff's activities and the medical records

22   (ECF No. 17, pp. 7-8).

The ALJ discussed plaintiff's social functioning in other parts of the decision pointing out that plaintiff was capable of going shopping, using public transportation, and interacting with others on the internet (Tr. 12).  While these activities show plaintiff to have some ability to function socially, these activities would not necessarily be inconsistent with all of Dr. Langhofer's opined marked limitations.  This is especially true in regards to the marked limitation in "tolerating the pressures and expectations of a normal work setting."

It is further unclear to this Court whether the ALJ was including the limitation of tolerating workplace pressure under the umbrella of "social functioning."  While this limitation was listed under the heading "Social factors" on the form completed by Dr. Langhofer, there is a difference between getting along with coworkers and supervisors and having the ability to tolerate pressures and expectations of a normal work setting (Tr. 262).  As such, the ALJ needed to provide reasons to discredit both opined limitations, not just a blanket statement about plaintiff's social difficulties.

Further, the ALJ failed to address Dr. Langhofer's opinion that plaintiff would be markedly limited in his ability to maintain appropriate behavior in a work setting (Tr. 262).  The ALJ provided no specific and legitimate reason for rejecting this limitation. This portion of the opinion constituted significant probative evidence, and by failing to properly address it, the ALJ committed error.  *See Flores v. Shalala*, 49 F.3d at 570-71.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th

Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The ALJ committed error in failing to provide specific and legitimate reasons to discredit the opinion of Dr. Langhofer.  While the ALJ did include non-exertional limitations into the residual functional capacity finding, it is not clear that those limitations properly incorporated all of Dr. Langhofer's opined limitations, especially those regarding plaintiff's ability to tolerate workplace stress and maintain appropriate behavior.  As such, had Dr. Langhofer's opinion been accorded weight, the disability determination may have changed.  Thus, the ALJ's error was not harmless.

        b.  Phyliss Sanchez Ph.D. & Jane C. Hayward Psy.D. – Examining Psychologists

Plaintiff argues that the ALJ also erred in failing to properly evaluate the opinions of examining psychologists, Dr. Sanchez and Dr. Hayward  (ECF No. 11, pp. 3-7).  The Court has already found that the ALJ committed harmful error in evaluating the opinion of Dr. Langhofer.  On remand, the ALJ will hold a de novo hearing and acquire updated

medical evidence to complete the record. As such, the ALJ should also reevaluate the medical evidence from Drs. Sanchez and Hayward in the context of the record as a whole.

> (2) Whether or not the ALJ erred in finding that the plaintiff's statements about the intensity, persistence, and functionally limiting effects of his symptoms was not substantiated by the objective medical evidence

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

CONCLUSION

The ALJ committed harmful error in failing to provide specific and legitimate reasons to discredit the opinion of Dr. Langhofer.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

1  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2  matter for consideration on August 29, 2014, as noted in the caption.

3      Dated this 31st day of July, 2014.

4

5

6                                    J. Richard Creatura

7                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24